IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUSTIN CARTWRIGHT,<br>　　Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-0098 |
| | : | |
| LVNV FUNDING LLC,<br>　　Defendant. | : | |

**MEMORANDUM**

**ROBRENO, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　**JANUARY 24, 2022**

　　　　Plaintiff Justin Cartwright filed this civil action *pro se* regarding information reported to consumer reporting agencies. Named as Defendant is LVNV Funding LLC ("LVNV"). Cartwright seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Cartwright leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

---

[1] Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). The United States Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *See Syville v. New York City of New York*, Civ. A. No. 20-0570, 2020 WL 2614705, at *1 (S.D.N.Y. May 15, 2020) (citing *Becker v. Montgomery*, 532 U.S. 757, 764 (2001)). Neither the Complaint nor the application to proceed *in forma pauperis* contain a hand placed signature. Rather, it appears that both contain an electronic signature. Under the discretion afforded by the Standing Order issued on May 13, 2020, *see In re: Use of Electronic Signatures in Prisoner and Pro Se Cases Due to the Exigent Circumstances Created by COVID-19*, (E.D. Pa. May 13, 2020), the Court will accept these electronic signatures as compliant with Federal Rule of Civil Procedure 11. However, Cartwright is directed to submit any future filings with the Court with a handwritten signature.

I.      **FACTUAL ALLEGATIONS**[2]

Cartwright's allegations are quite brief. The Court understands Cartwright to be raising claims pursuant to the Fair Credit Reporting Act ("FCRA") and the Fair Debt Collection Practices Act ("FDCPA"). (ECF No. 1 at 3-4.)[3] Cartwright contends that LVNV reported false information to consumer reporting agencies. (*Id.* at 3.) He further claims that LVNV refused to correct information after being provided proof of inaccuracy and failed to respond to his written disputes within thirty days. (*Id.* at 4.) He alleges that "this is one of the only accounts [on my] credit report that is negative & wrongfully there by law." (*Id.*) Cartwright asserts that the account at issue on his credit report "is hindering" him and that he "would have great credit without it." (*Id.*) According to Cartwright, the inaccurate information has impacted his physical and mental health, and has caused him to be denied a "small loan." (*Id.*) He seeks monetary relief and removal of the inaccurate information from his credit reports. (*Id.*)

Cartwright attached two documents to the Complaint, although he did not expressly reference them in the body of the Complaint. The first document attached to the Complaint is titled "Complaints on BBB" and sets forth in reverse chronological order what appears to be notations regarding various debts and collection accounts noted on credit reports. (*See id.* at 7-9.) The notations provide limited identifying information and appear to reference disputed debts in various amounts. (*See, e.g., id.* at 7-8 referencing a "debt with Capital One" and disputed debts in the amount of $200, $600, $174, $666, $615, and $1,072.) The second document attached to the Complaint appears to be a portion of a credit report listing a debt in the amount of

---

[2] The facts set forth in this Memorandum are taken from Cartwright's Complaint and documents attached thereto.

[3] The Court adopts the pagination supplied by the CM/ECF docketing system.

$537 for account number "548955XXXXXXXXXX." (*See id.* at 10.) The original creditor listed is HSBC Bank Nevada NA RCS Direct. (*Id.*) The "last reported" date is September 11, 2021. (*Id.*) The payment status is "Seriously past due date / assigned to attorney, collection agency, or credit grantor's internal collection department" and the entry indicates that the "account information [is] disputed by consumer under the Fair Credit Reporting Act." (*Id.*)

## II.     STANDARD OF REVIEW

The Court will grant Cartwright leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Cartwright's Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

As Cartwright is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "'cannot flout procedural rules - they must abide by the same rules that apply to all other litigants.'" *Id.*

3

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The United States Court of Appeals for the Third Circuit explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

### III. DISCUSSION

#### A. FCRA Claims

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (noting that the FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner" (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010))). In the language of the FCRA, credit reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by

4

commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).

"The FCRA confers on a consumer a right to have the negative information on his or her credit report investigated for accuracy." *Klotz v. Trans Union, LLC*, 246 F.R.D. 208, 211 (E.D. Pa. 2007). In that regard, if a consumer disputes the completeness or accuracy of information contained in his file, the consumer reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C. § 1681i(a)(1)(A). "Generally speaking, a consumer reporting agency does not violate the FCRA's requirement that it 'follow reasonable procedures to assure maximum possible accuracy' of credit reports or to 'reinvestigate' consumer disputes of information if the information that it reports is factually accurate." *Williams v. Experian Info. Sols., Inc.*, Civ. A. No. 14-8115, 2016 WL 3466089, at *3 (D.N.J. June 21, 2016).

To state a plausible claim under the FCRA against a furnisher of credit information, as opposed to the consumer reporting agency itself, Cartwright must allege that he "filed a notice of dispute with a consumer reporting agency; the consumer reporting agency notified the furnisher of information of the dispute; and the furnisher of information failed to investigate and modify the inaccurate information." *Harris v. Pennsylvania Higher Educ. Assistance Agency / Am. Educ. Servs.*, Civ. A. No. 16-693, 2016 WL 3473347, at *6 (E.D. Pa. June 24, 2016), *aff'd sub nom. Harris v. Pennsylvania Higher Educ. Assistance Agency/Am. Educ. Servs.*, 696 F. App'x 87 (3d Cir. 2017); *see also* 15 U.S.C. § 1681s-2(b). If the furnisher fails to comply with its obligations under the Act, "the aggrieved consumer can sue for noncompliance." *Hoffmann v. Wells Fargo Bank, N.A.*, 242 F. Supp. 3d 372, 391 (E.D. Pa. 2017). The FCRA has several provisions that create liability for violations of the Act. *SimmsParris*, 652 F.3d at 358.

However, "under the FCRA, 15 U.S.C. § 1681s-2(b) is the only section that can be enforced by a private citizen seeking to recover damages caused by a furnisher of information." *Eades v. Wetzel*, 841 F. App'x 489, 490 (3d Cir. 2021) (*per curiam*) (internal quotations omitted).

Cartwright has not stated a plausible claim against LVNV under the provisions of the FCRA pertaining to consumer reporting agencies, because he has not alleged that LVNV is a consumer reporting agency. To the extent Cartwright raises claims against LVNV as a furnisher of information, he has also failed to allege a plausible claim. The allegations in the Complaint are sparse. They are also conclusory. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"); *Schiano v. HomEq Servicing Corp. & HomEq Servicing*, 832 F. App'x 116, 120 (3d Cir. 2020) (allegations that defendant failed to "'fully and properly investigate' the matter" were conclusory and did not state a claim). In other words, Cartwright has not identified the allegedly incorrect information in his credit history, clearly explained why the information was incorrect, alleged any facts about when and how he disputed that information with the consumer reporting agencies, or alleged that LVNV failed to investigate and modify the inaccurate information. *See Pressley v. Capital One*, 415 F. Supp. 3d 509, 513 (E.D. Pa. 2019) (plaintiff failed to state a FCRA claim when she "ha[d] not (1) identified the accounts at issue, (2) described the allegedly false and misleading information that appears in the accounts, (3) stated that she filed a dispute regarding the false and misleading information; or (4) alleged that Capital One failed to investigate and modify the inaccurate information"); *see also SimmsParris*, 652 F.3d at 358 (explaining that the notice "must be given by a credit reporting agency, and cannot come directly from the consumer"); *Harris v. Pennsylvania Higher Educ. Assistance Agency/Am. Educ. Servs.*, 696 F. App'x 87, 91 (3d Cir. 2017) (*per curiam*) ("A consumer may certainly notify

a furnisher/creditor directly about his dispute but there is no private cause of action under § 1681s-2(b) for a furnisher's failure to properly investigate such a dispute.").

Furthermore, the Court will not speculate as to Cartwright's claims based on the attachments to his Complaint. Indeed, a plaintiff may not state a claim by relying solely on exhibits.[4] *See Berkery v. Credit Collection Servs.*, Civ. A. No. 21-3809, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7, 2021) ("While a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."); *RD Legal Funding, LLC v. Barry A. Cohen, P.A.*, Civ. A. No. 13-77, 2013 WL 1338309, at *2 (D.N.J. Apr. 1, 2013) ("Plaintiff cannot meet its pleading requirements under Rule 8(a) by attaching numerous exhibits to its Complaint."). Cartwright's FCRA claims are therefore not plausible as pled.

### B. FDCPA Claims

"The FDCPA protects against abusive debt collection practices by imposing restrictions and obligations on third-party debt collectors." *Riccio v. Sentry Credit, Inc.*, 954 F.3d 582, 585 (3d Cir. 2020) (*en banc*). To state a claim under the FDCPA, a plaintiff must establish that "(1) he is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt."[5] *Jensen v. Pressler & Pressler*, 791

---

[4] The Court notes that the body of the Complaint contains no identifying factual information regarding the account at issue. Additionally, the documents attached to the Complaint provide inconsistent information. That is, the credit report attached to the Complaint pertains to an account with HSBC Bank Nevada NA RCS Direct (*see* ECF No. 1 at 10), while the "Complaints on BBB" document references a debt with Capital One, (*see id.* at 7-8).

[5] The manner in which Cartwright has presented his claims makes the true nature of them difficult to discern. Cartwright's Complaint does not indicate which sections of the FDCPA he

7

F.3d 413, 417 (3d Cir. 2015) (quoting *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014)); *see also Pressley*, 415 F. Supp. 3d at 512-13 ("To state a claim under the FDCPA, a plaintiff must establish that: (1) he or she is a consumer who was harmed by violations of the FDCPA; (2) that the 'debt' arose out of a transaction entered into primarily for personal, family, or household purposes; (3) that the defendant collecting the debt is a 'debt collector,' and (4) that the defendant violated, by act or omission, a provision of the FDCPA.") (internal quotation omitted).  Where a plaintiff fails to allege facts supporting each of these elements, the FDCPA claim is not plausible.  *See Humphreys v. McCabe Weisberg & Conway, P.C.*, 686 F. App'x 95, 97 (3d Cir. 2017) (*per curiam*) (concluding that FDCPA claim was pled based on "conclusory and speculative statements that cannot survive a motion to dismiss"); *Astarita v. Solomon & Solomon, PC*, Civ. A. No. 12-5670, 2013 WL 1694807, at *2 (D.N.J. Apr. 18, 2013) ("Plaintiff's Complaint is utterly devoid of any factual content - such as the specific debt which Defendant attempted to collect on, or details about the dates, times, and manner of the communications Defendant made to Plaintiff in attempting to collect on that unspecified debt - which would allow the Court to draw the reasonable inference that Defendant's actions violated any provision of the FDCPA.").

To the extent he is bringing a FDCPA claim at all, Cartwright does not allege he is a consumer who was harmed by violations of the FDCPA, he does not describe the nature of the debt, he does not specifically allege that LVNV is a debt collector, or describe other than in conclusory terms how it violated, by an act or omission, a provision of the FDCPA.  Instead, Cartwright broadly alleges that LVNV reported false information to consumer reporting

---

bases his claims on, or provide sufficient factual information from which the Court could discern the relevant statutory provision or provisions potentially implicated here.

agencies, that "they refuse to correct information after being provided proof of inaccuracy," and that they "fail[] to respond to my written disputes within 30 days." (*See* ECF No. 1 at 3-4.) Cartwright's exhibits are also insufficient to allege plausible FDCPA claims. As noted, while a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. In other words, the conclusory allegations of Cartwright's Complaint combined with his unexplained exhibits do not make Cartwright's FDCPA claims plausible.

## IV.     CONCLUSION

For the foregoing reasons, the Court will grant Cartwright leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Because the Court cannot say at this time that Cartwright can never state a plausible claim based on the acts or omissions of LVNV, he will be granted leave to amend. An appropriate Order follows, which provides further instruction as to amendment.

**BY THE COURT:**

*/s/ Eduardo C. Robreno*
**EDUARDO C. ROBRENO, J.**
